IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANN MARIE PARSELL,<br>    *Plaintiff* | §<br>§<br>§ | |
| | § | SA-22-CV-01002-XR |
| -vs- | §<br>§ | |
| FIRST TECH FEDERAL CREDIT UNION,<br>    *Defendant* | §<br>§<br>§<br>§ | |

### ORDER TO MEDIATE

On this date, the Court considered the status of this case, and concludes that mediation is appropriate. Accordingly, the Court **ORDERS** the parties to mediate this case before United States Magistrate Judge Richard B. Farrer.

Mediation is a mandatory but non-binding settlement conference wherein the parties attempt to resolve their differences with the assistance of a third-party facilitator. All proceedings in a mediation session are confidential and protected from discovery. No subpoenas, summons, citations, or other process shall be served at or near the location of any mediation session, upon any person entering, leaving, or attending any mediation session.

Counsel and parties shall proceed in a good faith effort to try to resolve this case and shall confer with Judge Farrer and agree upon a mediation date. If no agreed date can be found, Judge Farrer will select a date and the parties shall appear as directed. Unless this Court extends the deadline, mediation shall occur no later than **October 27, 2023**.

Prior to the mediation, Plaintiff shall produce the terms of its settlements with the previously dismissed Defendants—Equifax Information Services, LLC, Experian Information Solutions, Inc., Trans Union, LLC, and Financial Assistance, Inc.—to counsel for Defendant First

Tech Federal Credit Union. Any documents containing such settlement information shall be designated as "For Attorneys' Eyes Only."

Following the mediation, the Court will be advised only that the case did or did not settle. No other information will be transmitted to the Court by the mediator or any other party.

The Court finds this case is appropriate for administrative closure pending the outcome of mediation. *See Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2004) ("District courts frequently make use of this device to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending). The effect of an administrative closure is no different from a simple stay . . . .").

The Clerk's office is therefore **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case pending further order of the Court. Though administratively closed, this case will still exist on the docket of this Court and may be reopened upon request or on the Court's own motion. Parties may continue to file motions and documents in the case.

It is so **ORDERED**.

**SIGNED** this 26th day of July, 2023.

                                                    _____
                                                    XAVIER RODRIGUEZ
                                                    UNITED STATES DISTRICT JUDGE